**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JAYESH GODAMBE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>CENTAURI HEALTH SOLUTIONS, INC. and BLUE CROSS AND BLUE SHIELD OF ILLINOIS,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff Jayesh Godambe ("Mr. Godambe"), by his undersigned counsel, for this class action complaint against Defendants Centauri Health Solutions Inc. ("Centauri") and Blue Cross and Blue Shield of Illinois ("Blue Cross"), as well as its present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, alleges as follows:

## I. INTRODUCTION

1. Nature of Action: As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making calls using pre-recorded messages.

3. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendants.

## II. PARTIES

4. Plaintiff Jayesh Godambe is an individual who resides in this District.

5. Defendant Blue Cross and Blue Shield of Illinois is a corporation in this District.

6. Defendant Centauri Health Solutions Inc. is a corporation that makes calls into this District.

## III. JURISDICTION AND VENUE

7. Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

8. Personal Jurisdiction: The Court has personal jurisdiction over Defendants because they regularly conducts business in this District, including making telemarketing solicitations into this District and soliciting business from this District. Additionally, Defendant Blue Cross Blue Shield of Illinois is resident of this District.

9. Venue: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claims occurred in this District, as the telemarketing calls at issue were made from and into this District.

## IV. FACTS

### A. The Enactment of the TCPA and its Regulations

10. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

11. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

13. Congress singled out these services for special protection either because Congress realized their special importance in terms of consumer privacy and therefore protected them (as in the case of cellular phones), or because the numbers are assigned to services for which the called party is charged, thus shifting the cost of automated or prerecorded messages onto consumers. *See Barr v. Am. Ass'n of Pol. Consultants, Inc*, 140 S. Ct. 2335, 2363 (2020) (Gorsuch, J. & Thomas, J., concurring in part and dissenting in part).

14. This cause of action applies to users of any one of the four protected services (pager, cellular, specialized mobile radio [i.e. radiotelephony locator beacons or dispatch systems], or another radio common carrier service [i.e. ship-to-shore or air-to-ground]), or any service,

including residential, VoIP, and landline services, for which the called party is charged for the call. *See Perrong v. Victory Phones LLC*, No. CV 20-5317, 2021 WL 3007258, at *6 (E.D. Pa. July 15, 2021).

15. "Non-emergency prerecorded voice or autodialed calls to [the destinations enumerated in 47 U.S.C. § 227(b)(1)(A)] are permissible only with the prior express consent of the called party." This includes calls made using artificial or prerecorded voices to business lines. *See FCC Enforcement Advisory: Tel. Consumer Prot. Act Robocall & Text Rules - Biennial Reminder for Pol. Campaigns About Robocall & Text Abuse*, 31 FCC Rcd. 1940, 1941 n.6 (2016) [hereinafter FCC Advisory].

16. Non-consensual, non-emergency calls placed using an ATDS or an artificial or prerecorded voice violate 47 U.S.C. § 227(b)(1)(A), regardless of the purpose of the call. *Victory Phones*, 2021 WL 3007258, at *6 (rejecting claim that noncommercial survey calls were exempt and holding that "[T]he operative language of the TCPA is unambiguous. Section 227(b)(1)(A) prohibits placing artificial and prerecorded voice calls to a variety of telephone numbers."). To

**B. Unsolicited Calls to Plaintiff**

17. Plaintiff Jayesh Godambe is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

18. Plaintiff's telephone number is (630) 312-XXXX.

19. Plaintiff and his family members use this telephone number for personal, residential, and household purposes.

20. Plaintiff's telephone number is not associated with any business, nor does Plaintiff use this telephone number for business purposes.

21. Plaintiff and his minor son have never been a customer of Defendant and never consented to receive calls from Defendant.

22. Plaintiff has never been a customer of Defendants and never consented to receive calls from Defendants.

23. Despite this, Plaintiff and his minor son received multiple calls from Defendants between December 2021 and October 2024 advertising Defendants' healthcare services.

24. On December 14, 2021, Plaintiff and his minor son received a call on his cellular telephone number from telephone number (844) 239-9577.

25. Plaintiff and his minor son were not interested in Defendants' services.

26. Defendants continued to solicit Plaintiff and his minor son on Plaintiff's cellular telephone, including on at least the following dates and times:

- May 5, 2022, from (866) 263-6608
- January 16, 2023, from (630) 526-1677
- August 2, 2023, from (844)873-8177
- June 27, 2024, from (833) 366-0125
- July 5, 2024, from (833) 366-0125
- July 11, 2024, from (833) 366-0125
- July 17, 2024, from (833) 366-0125
- July 19, 2024, from (833) 366-0125
- August 14, 2024, from (708) 304-3411
- October 2, 2024, from (708) 304-3411

27. On each of the calls, Defendants left a voicemail, some of which sought to advertise healthcare services and benefits to someone that is not Plaintiff, nor are they related or known to Plaintiff or his minor son.

28. Each of the voicemails played one of the below messages.

**Message 1**

"Centauri Health Solutions company calling on behalf of Blue Cross Community Health Plans. We are calling regarding an interest you expressed in obtaining additional

cash benefits for Angelica Martinez. We would like to speak with you to determine potential eligibility and complete the screening process. This is a free service offered by your health plan. Please call us at (844) 239-9577. We look forward to speaking with you as this extra income may add significant value to your household. Once again, the number to call is (844) 239-9577. Thank you. Goodbye.

**Message 2**

Centauri Health Solutions company calling on behalf of Blue Cross Community Health plans. We are calling about a letter we sent you regarding additional cash benefits for Angelica Martinez. We would like to speak with you to determine potential eligibility. This is a free service offered by Blue Cross Community Health Plans. Please call us at (866) 263-6608 between 9 a.m. and 7 p.m. We look forward to speaking with you. This extra income may add significant value to your household. Once again, the number to call is (866) 263-6608. Thank you.

**Message 3**

Hello. My name is Adam Pearson and I am calling on behalf of Blue Cross Community Health Plans. We are calling to insure that we have your most recent contact information on file. If you need to update or add to your contact information, address, or email, or an alternate phone number, please call 18778055312 and select option 8 to report the change. Or you can visit us online at www2.illinois.gov/hfs/address to update your information. Thank you.

**Message 4**

Hello, my name is Susan. I am calling on behalf of Blue Cross Blue Shield of Illinois, your insurance provider. I was hoping to speak with you about a valuable (could also be "viable") service that is part of your membership. If you could please call (844) 873-8177. We're available from 7 a.m. to 7 p.m. Central Standard Time Monday through Friday. We look forward to hearing from you and have a great …

**Message 5**

Hello, this is Blue Cross and Blue Shield. As a valued member this is a call regarding your health benefits. It is very important that we speak to you. Please call us back at 1 (833) 366-0125 Monday through Friday from 9:00 a.m. to 6:30 p.m. and Saturday 9 a.m. to 12:30 p.m. Thank you.

**Message 6**

Hello, this is Blue Cross and Blue Shield. As a valued member, this is a courtesy call regarding your health and health benefits for you. It is very important that I speak to you. Please give us a call back at 1 (833) 366-0125 from 9 a.m. to 6:00 p.m. Central Standard Time. … Thank you.

**Message 7**

Hi, this is Blue Cross Blue Shield. As a valued member, this call is regarding your health and health benefits through your plan. It is very important that we speak to you. Please call us at 1 (833) 366-0125 from 9 a.m. to 6 p.m. Central Standard Time Monday

through Friday and 9 a.m. to 12:30 p.m. Central Standard Time Saturday within the next five business days. Thank you.

**Message 8**

Hello, this is Blue Cross and Blue Shield. As a valued member this is a call regarding your health benefits. It is very important that we speak to you. Please call us back at 1 (833) 366-0125 Monday through Friday from 9:00 a.m. to 6:30 p.m. and Saturday 9 a.m. to 12:30 p.m. Thank you.

**Message 9**

Hi there, this is Blue Cross Blue Shield. As a valued member, this is a call about your health and health benefits through your plan. It's important that we reach you. Please give us a call at 1 (833) 366-0125 from 9:00 a.m. through 6:30 p.m. Central Standard Time Monday through Friday and from 9:00 a.m. to 12:30 p.m. Central Standard Time on Saturdays. Thank you.

**Message 10**

Good morning, this message is for Angelica. This is [can't catch the name] calling on behalf of Blue Cross Community Health Plans, the company that provides your health insurance with a time sensitive matter. It is important to give us a call back as soon as possible. Call (708) 304-3411. Thank you and have a great day.

29. All of the messages through July 17, 2024 were delivered in a robotic or automated voice with an unnatural and monotone cadence, rather than by a live person.

30. To try to stop the calls, Plaintiff sent Defendant Blue Cross Blue Shield of Illinois a demand letter on August 13, 2025 and September 20, 2025. Defendant responded to the August 2025 letter on October 22, 2025, claiming it was "unable to locate a membership for" Plaintiff and its "records indicate that we have not reached out to" Plaintiff.

31. Plaintiff and other individuals who received Defendants' telemarketing suffered an invasion of privacy and were harassed by the conduct of Defendants.

## V. BLUE CROSS LIABILITY FOR CENTURAI CONDUCT

32. The Federal Communication Commission ("FCC") is tasked with promulgating rules and orders related to enforcement of the TCPA. *See* 47 U.S.C. 227(b)(2).

33. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995).

34. In their January 4, 2008 ruling, the FCC reiterated that a company on whose behalf a telephone call is made bears the responsibility for any violations. *Id.* (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

35. Centauri acted as an agent of Blue Cross when placing the calls described herein.

36. The prerecorded and automated messages received by Plaintiff expressly stated that they were placed by "a Centauri Health Solutions company calling on behalf of Blue Cross Community Health Plans," demonstrating that Centauri was acting as Blue Cross authorized representative.

37. Blue Cross contracted with Centauri to conduct member engagement, outreach, and related communication services for the benefit of BCBSIL's insurance programs.

38. Blue Cross directed and controlled the purpose, content, and intended recipients of the calls placed by Centauri.

39. Blue Cross provided Centauri with access to member or potential member information, directed the timing and content of outreach campaigns, and approved the use of prerecorded messages identifying Blue Cross by name.

40. Blue Cross retained the right to supervise Centauri's work, including the right to modify scripts, approve call content, and require reporting on call outcomes.

41. Centauri was required to follow Blue Cross's policies, protocols, and quality standards when contacting individuals regarding Blue Cross benefits or services.

42. Blue Cross knowingly permitted Centauri to use Blue Cross's trade name, marks, and branding in the calls, thereby creating the reasonable appearance that the calls were made directly by Blue Cross.

43. Blue Cross benefitted, or expected to benefit, from Centauri's calling activities through increased member engagement, completion of eligibility screenings, retention of existing members, and the promotion of Blue Cross's health plan services.

44. Blue Cross had knowledge, or should have had knowledge, that Centauri was using automated and prerecorded voice technology to make calls without prior express consent.

45. Despite such knowledge, Blue Cross accepted and retained the benefits of Centauri's calling activities, thereby ratifying Centauri's conduct.

46. Blue Cross failed to exercise reasonable supervision or oversight to ensure that Centauri's activities complied with the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., and applicable state law.

## VI. CLASS ACTION ALLEGATIONS

47. Plaintiff brings this action on behalf of himself and the following Classes pursuant to Federal Rule of Civil Procedure 23.

48. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **Centauri Robocall Class:** All persons within the United States: (1) to whose cellular telephone numbers (2) Centauri, or a third party on their behalf, placed a call using artificial or pre-record messages (3) within the four years prior to the filing of the Complaint to trial, but (4) who were not customers of Centauri, or the customer Centauri, was calling on behalf of.

**Centauri Blue Cross Robocall Sub-Class:** All persons within the United States: (1) to whose cellular telephone numbers (2) Centauri, or a third party on their behalf, placed a call using artificial or pre-record messages (3) within the four years prior to the filing of the Complaint to trial, (4) called on behalf of Blue Cross but (5) who were not customers of Centauri or Blue Cross.

**Blue Cross Robocall Class:** All persons within the United States: (1) to whose cellular telephone numbers (2) Blue Cross, or a third party on their behalf, placed a call using artificial or pre-record messages (3) within the four years prior to the filing of the Complaint to trial, but (4) who were not customers of Blue Cross.

49. Plaintiff is a member of and will fairly and adequately represent and protect the interests of each Class as he has no interests that conflict with any of the Class members.

50. Excluded from each Class are counsel, Defendants, and any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

51. Plaintiff and all members of the Classes have been harmed by the acts of Defendants, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

52. This Class Action Complaint seeks injunctive relief and money damages.

53. Each Class defined above is identifiable through the Defendants' dialer records, other phone records, and phone number databases.

54. Plaintiff does not know the exact number of members in each Class, but Plaintiff reasonably believes members number, at minimum, in the hundreds.

55. The joinder of all Class Members is impracticable due to the size and relatively modest value of each claim.

56. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

57. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class Members.

58. There are numerous questions of law and fact common to Plaintiff and to each proposed Class, including but not limited to the following:

> (a) whether Defendants made calls to Plaintiff and members of each Class without first obtaining prior express written consent to make the calls;
>
> (b) whether Defendants' conduct constitutes a violation of the TCPA; and
>
> (c) whether members of each Class are entitled to treble damages based on the willfulness of Defendants' conduct.

59. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes.

60. Common questions of law and fact predominate over questions affecting only individual Class Members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class Members, which will be ascertainable from records maintained by Defendants and/or its agents.

## FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(b))**
**(On Behalf of Plaintiff and the Robocall Classes)**

61. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

62. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple

violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by making calls, except for emergency purposes, with an artificial and/or pre-recorded voice message to protected telephone numbers.

63. The Defendants' violations were negligent, willful, or knowing.

64. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

65. Plaintiff and members of each Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making pre-recorded calls, except for emergency purposes, to any protected telephone number in the future.

## VII. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of each Class, prays for the following relief:

A. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

B. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing the appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of each Class, and appointing the lawyers and law firms representing Plaintiff as counsel for each Class; and

C. Such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED AND DATED this 14th day of November, 2025.

By: */s/ Samuel J. Strauss*
Samuel J. Strauss, IL. Bar No. 6340331
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com

Anthony Paronich, *pro hac vice forthcoming*
**PARONICH LAW, P.C.**
350 Lincoln St., Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
anthony@paronichlaw.com

*Attorneys for Plaintiff and the Proposed Class*