**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAYESH GODAMBE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTAURI HEALTH SOLUTIONS, INC. and BLUE CROSS AND BLUE SHIELD OF ILLINOIS,<br><br>Defendant. | No. 1:25-cv-13983<br><br>Honorable Judge Manish S. Shah<br><br>Honorable Magistrate Judge Beth W. Jantz |

**JOINT STATUS REPORT**

PURSUANT TO the Court's September 8, 2026 Minute Entry, Plaintiff Jayesh Godambe, Defendant Centauri Health Solutions, Inc. ("Centauri"), and Defendant Blue Cross and Blue Shield of Illinois ("BCBSIL"), (collectively, the "Parties") respectfully submit this joint status report regarding the status of discovery.

**PLAINTIFF'S POSITION**

With respect to the Court's specific direction to report on the technology used to contact Plaintiff and the issue of consent, Plaintiff has produced recordings demonstrating that the calls involved a prerecorded voice, and Defendants have not produced evidence disputing the prerecorded nature of those messages. Plaintiff further maintains that he has never had any relationship with either Defendant, never provided either Defendant with consent to contact him, and has no relationship with Angelica Martinez, the individual Defendants contend they were attempting to reach. Although Defendants have identified the purported source of the telephone number as Medicaid enrollment information associated with Ms. Martinez, neither Defendant has

produced evidence setting up that Plaintiff consented to receive the calls. Plaintiff maintains that the available evidence establishes that Defendants contacted an unrelated individual using a prerecorded voice without his consent.

Plaintiff has undertaken extensive efforts to resolve outstanding written discovery disputes without Court intervention. Beginning in August 2026, Plaintiff provided detailed, request-specific meet-and-confer correspondence identifying deficiencies in both Defendants' discovery responses and productions. Plaintiff followed up repeatedly in September, October, and November, including correspondence identifying the particular interrogatories and document requests requiring supplementation.

Plaintiff continues to maintain that additional responsive documents and information remain outstanding, but will review the supplemental production. Plaintiff has likewise made repeated efforts to coordinate the Rule 30(b)(6) depositions of both Defendants. For more than a month, Plaintiff sought to confer with defense counsel concerning the deposition topics, the identity and availability of corporate representatives, and mutually convenient dates, without receiving timely substantive responses. Rather than unilaterally selecting dates, Plaintiff circulated the proposed examination topics in advance and requested that counsel coordinate scheduling. Defendants subsequently asserted that they were not obligated to respond to the proposed topics or scheduling requests until formally dated deposition notices were served. Plaintiff disagrees with that position. Rule 30(b)(6) expressly requires the parties to confer in good faith concerning the matters for examination "before or promptly after the notice or subpoena is served," and the 2020 Advisory Committee Notes specifically contemplate providing draft topics before service and addressing scheduling, location, the number of witnesses, and the allocation of topics during that

conference. Plaintiff's efforts were consistent with that procedure and intended to avoid unnecessary scheduling disputes.

After Defendants declined to meaningfully coordinate dates, Plaintiff served formal deposition notices scheduling BCBSIL's Rule 30(b)(6) deposition for December 2, 2026, and Centauri's Rule 30(b)(6) deposition for December 3, 2026. Defendants have since indicated that they are identifying appropriate corporate representatives and have proposed conducting the depositions remotely or in January 2027. Plaintiff remains willing to coordinate reasonable arrangements but emphasizes that the depositions must be completed sufficiently in advance of the discovery deadline to permit any necessary follow-up.

The Parties continue to work toward completing discovery by January 29, 2027. Plaintiff remains concerned, however, that the outstanding written discovery disputes, delays in scheduling corporate depositions, and continued deferral of discovery concerning Defendants' broader calling practices may jeopardize the orderly completion of both merits and class certification discovery. The Court's September 8, 2026 Minute Entry, ECF No. 35, expressly requires completion of all fact discovery, including class certification discovery, by January 29, 2027. Plaintiff therefore does not believe that class discovery can be postponed indefinitely while the Parties address individual merits issues. Defendants, for their part, maintain the current schedule remains workable with only modest adjustments to account for the time needed to complete the contemplated written discovery and depositions, and that there is no reason to disturb this Court's instruction that the parties "prioritize" certain types of fact discovery per the Court's January 15, 2026, Minute Order, ECF No. 25.

Plaintiff disputes Defendants' characterization of the calls as "live calls." The fact that Centauri may have employed a human call initiator does not establish that the messages delivered

to Plaintiff were live rather than prerecorded. Plaintiff has produced recordings reflecting prerecorded messages, and Defendants have not identified evidence explaining or refuting those recordings. Nor does the purported purpose of the calls, or the fact that they were allegedly intended for a Medicaid recipient, establish consent by Plaintiff, who has no relationship with the intended recipient.

Plaintiff also disputes the suggestion that the outstanding discovery issues have been substantially resolved. Plaintiff has repeatedly identified these issues through request-specific correspondence and has sought to confer concerning corporate depositions well before serving formal notices. Plaintiff is amenable to conducting the depositions remotely or on mutually agreeable dates and is likewise amenable to a reasonable extension of the discovery schedule. However, Plaintiff does not believe that an additional two to three months would be sufficient to complete all remaining class certification discovery, particularly given the substantial amount of time the Parties have already devoted to discovery concerning Plaintiff's individual claims. Although Plaintiff has diligently pursued both merits and class discovery, the Parties have spent several months addressing issues specific to Plaintiff, while meaningful classwide discovery remains largely outstanding. Plaintiff therefore submits that any extension should provide sufficient time not only to complete the outstanding individual discovery and corporate depositions, but also to obtain and review classwide calling records, pursue necessary follow-up discovery, and complete discovery relevant to class certification. Plaintiff is willing to confer with Defendants concerning a realistic schedule that permits the orderly completion of both merits and class certification discovery.

## DEFENDANTS' POSITION

**A. Defendant BCBSIL**

With respect to the Court's specific discovery direction, Defendant BCBSIL has produced 722 documents spanning 5,830 pages, demonstrating calls made to Mr. Godambe from Centauri were live calls as part of the Illinois State Medicaid program intended to alert Medicaid recipients of their eligibility for other government benefits. These calls did not seek to sell a good, product, or service. Defendant BCBSIL completed their extensive discovery production to Plaintiff on November 10, 2026. Defendant BCBSIL served written discovery requests on Plaintiff on October 30, 2026, with responses due November 30, 2026, and has requested deposition dates of the Plaintiff

Defendant BCBSIL is in the process of responding to Plaintiff's 30(b)(6) notice that was not properly served until October 29,2026. BCBSIL intends to confer with Plaintiff's counsel to determine a mutually convenient date for the 30(b)(6) deposition in Chicago Illinois.

**B. Defendant Centauri.**

Defendant Centauri has provided information and documentation demonstrating the calls placed by Centauri to the number currently utilized by Plaintiff Godambe were placed by live callers and that Centauri only made two calls to the number held by Centauri in late 2021 and mid-2022. Centauri reviewed its records relating to those two calls and made a production relating to those calls and the scripting for that campaign. Moreover, Centauri has no record, to date, that Plaintiff ever reached out to Centauri to inform it that it purportedly had the wrong number, despite the fact that the voicemail messages left relate to a Ms. Martinez. Further, the vast majority of Plaintiff's requests relate to class discovery and not outreach to a purported wrong number. Centauri is continuing its investigation into the nature of those two calls from years ago and has

produced 10 documents spanning 66 pages relating to those calls, including a supplemental documents production on November 14, 2026.

Defendant Centauri's counsel has participated in meet-and-confer discussions with Plaintiff's counsel. As part of that process, they have resolved many of the open items regarding Plaintiff's written discovery requests. Defendant Centauri is also in the process of preparing written discovery requests directed to Plaintiff and has requested deposition dates for Plaintiff.

Centauri disputes Plaintiff's 30(b)(6) narrative and states that once it was served with a proper notice, Centauri has diligently worked to identify representative(s) to be deposed on the topics that are not objectionable. Plaintiff scheduled Centauri's Rule 30(b)(6) deposition for December 3, 2026, in Arizona. Centauri proposes conducting the depositions in Chicago (where both BCBISL's and Centauri's witnesses are either located or can easily travel to) in January 2027 to accommodate the parties.

Both Defendants believe the current schedule remains workable with only modest adjustments to account for the time needed to complete the contemplated written discovery and depositions (which may require another brief, 2 to 3 month extension of the discovery deadline). Defendants also believe that there is no reason to disturb this Court's instruction that the parties "prioritize" certain types of fact discovery per the Court's January 15, 2026, Minute Order, ECF No. 25.

JOINTLY SUBMITTED this 16th day of November, 2026.


*/s /Cassandra P. Miller*
Cassandra P. Miller (trial counsel)
Samuel J. Strauss
**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
cmiller@straussborrelli.com
sam@straussborrelli.com

Anthony I. Paronich (lead trial attorney)
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510

*Counsel for Plaintiff and the Putative Class*

*/s/ Scott M. Kaplan*
Scott M. Kaplan
Jeffrey N. Rosenthal (lead trial attorney)
**BLANK ROME LLP**
444 W. Lake St., Suite 1650
Chicago, Illinois 60606
Telephone: 312.776.2598
Facsimile: 312.776.2601
jeffrey.rosenthal@blankrome.com
scott.kaplan@blankrome.com

*Counsel for Defendant*
*Centauri Health Solutions, Inc.*

*/s/ Martin J. Bishop*
Martin J. Bishop
Claudia L. Cortes
**CROWELL & MORING LLP**
300 N. LaSalle Drive, Suite 2500
Chicago, IL 60654
Phone: (312) 321-4200
mbishop@crowell.com
jposton@crowell.com
ccortes@crowell.com
bge@crowell.com

Jeffrey Poston (lead trial attorney)
(*pro hac vice* forthcoming
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 624-2500
jposton@crowell.com

*Counsel for Defendant*
*Blue Cross Blue Shield of Illinois*

**CERTIFICATE OF SERVICE**

I, Cassandra P. Miller, hereby certify that on November 16, 2026, I caused the foregoing to be electronically filed with the Court using the Court's CM/ECF system which will send an electronic copy to all parties and/or their counsel of record.

DATED this 16th day of November, 2026.

Respectfully submitted,

*/s/Cassandra P. Miller*
Cassandra P. Miller
**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite
1610 Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
cmiller@straussborrelli.com